IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DIANE SCHULTE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Misc. Action No. H-18-2892 |
| § | |
| STEWART TITLE INSURANCE CO., § | |
| et al., § | |
| § | |
| Defendants. § | |

### **MEMORANDUM, RECOMMENDATION AND ORDER**

Presently before the court are Plaintiff's Applications to Proceed In Forma Pauperis (Docs. 1, 4), Plaintiff's Motion to Request Prepayment of a Portion of Damages Prior to Final Decision (Doc. 2), Plaintiff's Application to Respond (Doc. 3), Plaintiff's Motion for Appointment of Counsel (Doc. 5) and Plaintiff's Motion to Provide Preliminary Injunction Relief (Doc. 6).

Plaintiff's requests to proceed in forma pauperis are governed by 28 U.S.C. § 1915(a)(1) which states, in part:

> [ ] any court of the United States may authorize the commencement . . . of any suit, . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1); see also Gay v. Tex. Dep't of Corrs. State Jail Div., 117 F.3d 240, 241 (5th Cir. 1997)(noting that non-prisoner plaintiffs may file actions without paying a filing fee).

Based on her unsigned declaration that she makes $9.00 per hour, Plaintiff clearly meets the indigency requirements to file in

forma pauperis. However, that is not the only inquiry; under 28 U.S.C. § 1915(e), a pauper's complaint shall be dismissed if it is frivolous or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i), (ii). If the case fits within either of these categories, the court has the discretion to dismiss the case sua sponte. See United States v. Pineda-Arrellano, 492 F.3d 624, 628 (5th Cir. 2007).

A complaint is frivolous if it lacks an arguable basis in law or fact. See Denton v. Hernandez, 504 U.S. 25, 31 (1992); Richardson v. Spurlock, 260 F.3d 495, 498 (5th Cir. 2001)(citing Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997)). In making this determination, the court liberally construes Plaintiff's complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007)(holding that a pro se complaint must be held to less stringent standards).

Despite the fact that Plaintiff is proceeding pro se, pursuant to Federal Rule of Civil Procedure 8(a)(2), Plaintiff must also provide a "short and plain statement of the claim showing that the pleader is entitled to relief." See Bell Atl. v. Twombly, 550 U.S. 544, 555 (2007)(holding that a complaint may be dismissed if a plaintiff fails to state a claim for relief). The complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Twombly, 550 U.S. at 555; see also Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In the present case, it appears that Plaintiff intends to sue no less than 143 individuals and 101 title companies for employment discrimination. In support of her complaint of discrimination, Plaintiff states, "The original complaint is filed under a previous court case. At that time the ruling was statute of limitations had expired."[1] She goes on to state, "When I filed with the EEOC they gave me a piece of paper saying that one of the companies in question was found with slander, tampering with my credit and identity theft.[2]" Plaintiff then digresses into her personal life, her past employment history, and complaints concerning her current employer, Kroger.[3]

Plaintiff seeks court orders that all defendants stop discriminating against her, to employ/reemploy her, to promote her and to grant back pay and other damages. What is missing is any fact supporting actionable discrimination against any of the Defendants. It is unclear which of the over hundred defendants actually employed Plaintiff and her dates of employment. While

---

[1] See Doc. 1, Employment Discrimination Compl. p. 40.

[2] See Doc. 1-1, Employment Discrimination Compl. p. 2.

[3] See id. pp. 2-3.

Plaintiff alludes to receiving from the Equal Employment Opportunity Commission seven Right to Sue Letters against Stewart Title, Texas American Title, Lawyers Title, Law Offices of Mae Nacol, StarTex Title, Gracy Title and Dillard's, she fails to attach those Right to Sue Letters to her complaint. The court questions whether she has filed this suit within ninety days of receiving the right to sue because she has referenced these same Right to Sue letters in prior lawsuits.

For example, on December 27, 2007, Plaintiff sued Texas American Title Company and Stewart Title Company for employment discrimination.[4] While Plaintiff had received Right to Sue letters in 2007, the court found that she failed to file the suit within ninety days with respect to her claims against Texas American Title Insurance Company, and her claims against Stewart Title arose out of actions outside the applicable 300-day statute of limitations.[5] A final judgment was entered on April 8, 2008.[6]

On August 20, 2012, Plaintiff attempted to sue over one hundred title companies for employment discrimination, most of which are also named in the present action.[7]  In that suit,

---

[4] See Schulte v. Tex. Am. Title Ins. Co., Civil Action No. H-07-4566, (S.D. Tex.), Doc. 1, Compl.

[5] See Schulte v. Tex. Am. Title Ins. Co., Civil Action No. H-07-4566, (S.D. Tex.), Doc. 41, Mem. & Ord. Dated Apr. 8, 2008 pp. 2-7.

[6] See Schulte v. Tex. Am. Title Ins. Co., Civil Action No. H-07-4566, (S.D. Tex.), Doc. 42, Final Judgment.

[7] See Schulte v. See Exhibits "A," "B," "C," "D," and "E" as Defined Herein, Misc. Action No. H-12-527 (S.D. Texas).

Plaintiff referenced seven Right to Sue letters that were issued in 2003 and blamed the defendants for the losses of her employment, residence, car, pets and credit.[8]  This action was dismissed on September 26, 2012, for failure to state a claim for relief.[9]

On January 20, 2015, Plaintiff filed suit against Stewart Title and Texas American Title Insurance Company, along with approximately 150 other title companies referencing the same seven Right to Sue letters received in 2003.[10]  When Plaintiff could not produce documentation that she filed the suit within ninety days of receiving any Right to Sue letter, the court dismissed the suit.[11]

On March 23, 2017, Plaintiff filed an application to proceed in forma pauperis in an employment discrimination complaint against Stewart Title and over one hundred other title companies making conclusory allegations of employment discrimination without supporting facts.[12] Plaintiff was denied leave to proceed in forma pauperis.[13]

---

[8]  See Schulte v. See Exhibits, Misc. No. H-12-527, (S.D. Tex.) Doc. 2, Mot. for Prelim. Injunc. p. 1.

[9]  See Schulte v. See Exhibits, Misc. No. H-12-527, (S.D. Tex.), Doc. 11, Ord. of Dismissal.

[10]  See Schulte v. Stewart Title Ins. Co., Civil Action No. H-15-172, (S.D. Tex.) Doc. 1, Employment Discrimination Compl. p. 2.

[11]  See Schulte v. Stewart Title Ins. Co., Civil Action No. H-15-172, (S.D. Tex.), Doc. 14, Mem. & Ord. Dated Apr. 27, 2015.

[12]  See Schulte v. Stewart Title Ins. Co., Misc. Action No. H-17-714, (S.D. Tex.), Doc. 1-1, Employment Discrimination Compl. pp. 6-46.

[13]  See Schulte v. Stewart Title Inc. Co., Misc. Action No. H-17-714. (S.D. Tex.), Doc. 2, Ord. Dated Apr. 11, 2017.

In light of the foregoing, the court finds that Plaintiff's proposed complaint is frivolous because Plaintiff has made these same conclusory allegations repeatedly over the past eleven years.

It is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for failure to state a claim for relief and that her motion for preliminary injunctive relief (Doc. 6) should be **DENIED** for the same reason.

As the complaint fails to meet the requirements of 28 U.S.C. § 1915(e)(2)(B), Plaintiff's applications to proceed without payment of fees (Docs. 1, 4) are **DENIED.**

Plaintiff has also requested appointment of counsel. However, it is well-settled that an attorney should be appointed only under exceptional circumstances. See Williams v. Ballard, 466 F.3d 330, 335 (5th Cir. 2006). The court has reviewed the pleadings in this action and finds that exceptional circumstances requiring the appointment of counsel are not present in this case. Accordingly, Plaintiff's motion for appointment of counsel (Doc. 5) is **DENIED.**

Plaintiff's motion for prepayment of settlement amounts from the defendants (Doc. 2) is without merit and is **DENIED.** Also, as the court has ruled on the pending motions, Plaintiff's application to respond (Doc. 3), in which Plaintiff requested expedited rulings on her motions, is **DENIED AS MOOT.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days

from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** this 19th day of February, 2019.

_____
U.S. MAGISTRATE JUDGE